1  Daniel S. Bretzius, NH Bar # 265700
   Dan B Law PLLC
2  75 South Main Street, #272
   Concord, NH 03301
3  (603) 731-2507
   dan@danblaw.com

Attorney for Plaintiff
RelAxe FLSE LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RELAXE FLSE LLC,<br>PLAINTIFF<br><br>v.<br><br>JBL VILLAGE SHOPPES LLC,<br>DEFENDANT | Case Number _____ |

**COMPLAINT**

**PARTIES**

1. Plaintiff, RelAxe FLSE LLC ("Plaintiff", "Relaxe", or "Tenant"), is a limited liability company organized and existing under the laws of the State of New Hampshire.

2. Defendant JBL Villages Shoppes LLC ("Defendant", "JBL", or "Landlord") is a limited liability company organized and existing under the laws of the State of Florida.

**JURISDICTION**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

4. This Court has personal jurisdiction over Defendant. Defendant purposefully availed itself to contract with Plaintiff, who was formed in and is protected by this forum and its laws. This action and declaratory judgment sought herein directly relate to Defendant's contacts with Plaintiff and this forum.

**FACTS**

5. By last signature dated January 24, 2022, Plaintiff and Defendant executed a lease ("Lease") regarding premises located in the Village Shoppes at 441 Shopping Center ("Shopping Center"). See (Exhibit A). The Shopping Center is located in the Village of Royal Palm Beach, Florida (the "Village" or "City").

6. As with any development, permits needed to be issued by the Village in order for Plaintiff to perform the required build out and open its business.

7. To accommodate the need for permits, the Lease provided that "if Tenant cannot obtain the required and necessary approvals to conduct Tenant's business by the Rent

1  Commencement Date, this Lease shall be null and void and the Deposit shall be promptly

2  returned to Tenant." (Exhibit A, Lease, Section 2.2.1).

3  8.  The "Rent Commencement Date" was defined by the lease as August 22, 2022.

4  9.  The Lease included a "Time is of the essence" clause. (Id. at Section 31.4).

5  10. After executing the Lease, Plaintiff promptly inquired with and visited the Village's

6  offices. No later than February 3, 2022, Plaintiff confirmed that a special exception

7  application was required by the Village and obtained a copy of the special exception

8  application.

9  11. The Village's special exception application required, *inter alia*, a survey and a site

10 plan.

11 12. On February 3, 2022, Plaintiff requested that Defendant provide the required survey

12 and site plan documents.

13 13. Prior to March 21, 2022, Defendant provided to Plaintiff a site plan ("SP002Site

14 Plan.pdf"). Prior to March 21, 2022, Defendant did not provide a survey to Plaintiff.

15 14. On March 21, 2022, Plaintiff submitted the materials in its possession (including

16 SP002Site Plan.pdf) to the Village.

17 15. On March 22, 2022, during prescreening, the Village identified that the required

18 survey document was missing. On March 25, 2022, Defendant provided Plaintiff with a

19 survey dated November 29, 2018 and Plaintiff promptly provided the same to the Village.

20 16. On April 28, 2022, the Village informed Plaintiff that

21      "Proposal (or other proposals for this development) cannot move
         forward until the internal connection between the subject property
22      and the property to the west is addressed. The property management
         is aware of such required improvements. Please contact the property
23      manager for details."

17. On April 28, 2022, Plaintiff reached out to Defendant, and reminded Defendant of its need to make improvements to connect to the property to the west of the Shopping Center and to address contemplated improvements in an updated site plan.

18. On April 29, 2022, the Village requested that Defendant provide a timeline and commitment to addressing the connection to the west of the Shopping Center. Specifically, the Village instructed Plaintiff as follows:

> "Please make sure you have a written statement from the property owner/ management company about the cross access construction timeline and commitment."

19. On April 29, 2022, Plaintiff relayed to Defendant the Village's request for a Letter of Commitment regarding the required construction and timeline.

20. On April 29, 2022, Defendant provided an e-mail response regarding the Village's request for a Letter of Commitment. See (Exhibit B). Defendant indicated that it was "anticipat[ing] having [the updated site plan] next week." (Id.). Defendant did not address the construction timeline that was requested by the Village or make a commitment to the same.

21. Between April 29, 2022 and May 23, 2022, Defendant did not provide the updated site plan required by the Village.

22. On May 23, 2022 the Village informed Plaintiff that:

> "A site plan that shows the required cross access between the subject property and the property to the West (Carmax) is required for your application and other applications for this development that are under review (Outdoor dog run for Veterinary Clinic and Swim School). Please coordinate with the property owner for further details regarding this requirement."

23. Plaintiff promptly conveyed to Defendant the Village's reiterated May 23rd requirements.

24. On May 24, 2022, Defendant submitted an updated site plan to the Village.

25. On May 26, 2022, the Village determined that the April 29, 2022 correspondence from Defendant did not satisfy the requested construction timeline and commitment.

26. On May 26, 2022, the Village also maintained its requirement for an updated site plan.

27. On May 31, 2022, Defendant informed Plaintiff that Defendant would involve Defendant's "city permit expeditor".

28. Between May 27, 2022 and June 24, 2022, Defendant did not provide an updated site plan to Plaintiff or the Village.

29. On June 24, 2022, the Village maintained the requirements stated at least as early as April 2022 and continued to require an updated site plan and Letter of Commitment from Defendant. The Village specifically stated that:

> "this application is unable to be certified because the Village has not received the Site-Plan showing the cross-access road and we also have not received the Letter of Commitment from JBL Management regarding the cross-access road."

30. Between June 24, 2022 and July 20, 2022, Defendant did not provide an updated site plan to Plaintiff or the Village.

31. On July 18, 2022, Defendant sent an invoice to Plaintiff, requesting payment of rent for August 2022. See (Exhibit C).

32. On July 20, 2022, based on the above history and in response to the request for commencement of rent payments, Plaintiff informed Defendant that the required and

necessary approvals could not be obtained by the Rent Commencement Date (August 22, 2022), and, pursuant to Section 2.2.1 of the Lease, the Lease was null and void. See (Exhibit D). Plaintiff further requested that Defendant promptly return Plaintiff's security deposit to Plaintiff. (Id.)

33. In response to Plaintiff's July 20, 2022 correspondence, Defendant blamed the Village, alleging that the "city has been at fault" and that Defendant "wouldn't want the city to kill this deal." (Id.)

34. On August 4, 2022, Defendant sent another site plan to Plaintiff ("August 4th Site Plan"), which Plaintiff received on August 5, 2022.

35. On August 16, 2022, Defendant sent an invoice to Plaintiff, requesting payment for rent for August 2022 and September 2022, at a monthly rate of more than $17,000 per month. (Exhibit E).

36. By letter dated August 16, 2022 and received by e-mail on August 17, 2022, Defendant further indicated that it "does not recognize Tenant's demand to void the Lease" and "considers the Lease in full force and effect". (Exhibit F). Specifically, Defendant indicated alleged that "the Lease is in effect and shall remain so after August 22, 2022" and indicated that "Landlord reserves all of its rights and remedies under the Lease, which include filing a lawsuit". (Id.)

37. As of the date of this filing, Defendant has still not provided to Plaintiff or to the Village the Letter of Commitment that was requested in April 2022.

38. As of the date of this filing, it is unclear whether the August 4th Site Plan will satisfy the Village's requirements.

39. As of the date of this filing, Defendant has not commenced constructions of any of the improvements required by the Village.

**COUNT I**
**DECLARATORY JUDGMENT**

40. Plaintiff fully and completely reiterates and incorporates herein the allegations set forth in Paragraphs 1-39.

41. The facts referenced herein relate to the Village's Technical Staff Review (TSR) of the Plaintiff's application. If all of the requirements would have been satisfied through the TSR process, the application would have then been deemed "Certified".

42. After being "Certified", an application is presented to the Village Planning and Zoning Commission within 45 days of certification. If the Village Planning and Zoning Board recommends the application, it is placed on a Village Council Meeting within 30 days of the Planning and Zoning Commission's recommendation.

43. Thus, even if Plaintiff's application passed the TSR review on the Rent Commencement Date, it was not guaranteed to be finally approved, and would require 75 additional days to be subsequently reviewed by the Commission and Council.

44. Plaintiff took all actions that were required of it. See Arbor Advertising Corp. v. Grammatico, 530 So.2d 364, 365 (1988) (plaintiff tenant met burden of showing good faith by applying for permit and was entitled to judgment where lease provided that "In the event Lessee is unable to obtain the required permits from all governmental agencies, this lease shall be null and void and of no force and effect and any consideration exchanged in connection herewith shall be returned.")

45. At least as evidenced by Plaintiff's July 20 correspondence, Defendant's invoices, and Defendant's August 17, 2022 letter threatening litigation, a present case or controversy exists.

46. Plaintiff is entitled to a declaratory judgment that the Lease is null and void and that the security Deposit must be promptly returned to Plaintiff.

47. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Lease is null and void and that the security Deposit be promptly returned to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Lease is null and void and that the security Deposit paid to Defendant in connection therewith be promptly returned to Plaintiff; and

B. Provide such other relief as the Court may determine to be just and proper.

Dated this 24th day of August, 2022.

/s/ Daniel S. Bretzius
Daniel S. Bretzius, NH Bar # 265700
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
(603) 731-2507
dan@danblaw.com

Attorney for Plaintiff
RelAxe FLSE LLC