UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ )<br>RELAXE FLSE LLC, )<br> )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br>JBL VILLAGE SHOPPES LLC, )<br> )<br>　　　　Defendants. )<br>_____ ) | Docket No. 1:22-cv-00327-LM |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF
## MOTION TO DISMISS

The defendant, JBL Village Shoppes LLC ("JBL"), through counsel, Devine, Millimet & Branch, P.A., submits the following Memorandum of Law in Support of Motion to Dismiss.

### Introduction

The plaintiff is a New Hampshire company, but this lease dispute otherwise has no connection with the forum.  JBL is a Florida company, the leased property is in Florida, and the dispute concerns local approvals for that Florida property.  For these reasons, the case should be dismissed on personal jurisdiction or improper venue grounds.  Alternatively, the case should be transferred to the U.S. District Court for the Southern District of Florida, where JBL is subject to personal jurisdiction.

### Factual Background

JBL leased retail property to the plaintiff premises located in Royal Palm Beach, Florida (the "City").  Compl. ¶ 5.  The plaintiff needed permits from the City to operate its business.  *Id.* ¶ 6.  The lease provided that if the plaintiff were unable to obtain the required permits before a

1

certain date, the lease would be null and void, and the deposit would be returned to the plaintiff. *Id.* ¶ 7. The plaintiff tried to obtain the permits, visiting the City's office and communicating with City representatives about permitting requirements. *See id.* ¶¶ 7-29. The plaintiff notified JBL that the permits could not be obtained, so the lease was null and void. *Id.* ¶ 32. The plaintiff also requested return of the security deposit. *Id.* JBL sent a rent invoice to the plaintiff. *Id.* ¶ 35.

JBL is a Florida limited liability company with a principal place of business in Florida. *See* Exhibit A, Declaration of Jacob Khotoveli ("Khotoveli Dec.") ¶ 2. JBL does not own or rent any property in New Hampshire, has no offices or places of business in New Hampshire, and maintains no mailing address, telephone numbers, or bank accounts in New Hampshire. *Id.* ¶¶ 4-6. JBL does not mail solicitations, catalogs, or other advertisements to New Hampshire. *Id.* ¶ 8.

JBL owns "Village Shoppes," a retail center in the City. *Id.* ¶ 3. The plaintiff solicited JBL to request information about the leased premises and, eventually, enter into the lease agreement for retail property in the Village Shoppes. *Id.* ¶ 12. The lease was negotiated by phone and email discussions. *Id.* ¶ 13. There were no in-person meeting associated with lease negotiations and the lease was executed electronically. *Id.* ¶ 14. No JBL employee travelled to New Hampshire as part of lease negotiations. *Id.* ¶ 15. The plaintiff is a New Hampshire company, but JBL did not request this and has not benefitted from the plaintiff's decision to conduct business from New Hampshire. *Id.* ¶ 20. The lease has a Florida choice-of-law provision. *See* Exhibit A to Compl., Lease § 31.9.

## Standard of Review

"When personal jurisdiction is contested, the plaintiff bears the burden of establishing that the court has such jurisdiction." *ICP Solar Techs. v. TAB Consulting, Inc.*, 413 F. Supp. 2d 12, 14 (D.N.H. 2006). "[I]f the court proceeds based upon the written submissions of the parties without

an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists." *Id.* "In making a *prima facie* showing of jurisdiction, a plaintiff may not rely solely on unsupported allegations in its pleadings." *Douglas Co. v. My Brittany's LLC*, No. 19-cv-1234-SM, 2020 U.S. Dist. LEXIS 92876, at *2-3 (D.N.H. May 28, 2020). "Rather, a plaintiff must put forward evidence of specific facts to demonstrate that jurisdiction exists." *Id.* (brackets and internal quotations omitted) (quoting *A Corp. v. All American Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016)). While the Court accepts "properly documented evidentiary proffers as true," *see id.* (quoting *A Corp.*, 812 F.3d at 58), it will not "credit conclusory allegations or draw farfetched inferences," *see id.* (quoting *Negron-Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 23 (1st Cir. 2007)).[1]

## Argument

## I.   This Court cannot exercise personal jurisdiction over JBL.[2]

"A court's personal jurisdiction over a defendant may take the form of general or specific jurisdiction." *Campbell*, 2015 U.S. Dist. LEXIS 94020, at *9 citing (*Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005)). Neither is permissible in this case.

### A.  General jurisdiction.

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (quoting *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)). "The assertion of general jurisdiction comports with due

---

[1] The court may decide this issue on the basis of "pleadings, affidavits, and other evidentiary materials" without converting the dismissal motion to a summary judgment motion. *See ICP Solar Techs.*, 413 F. Supp. 2d at 14.

[2] No long-arm analysis is necessary in this diversity jurisdiction case because the New Hampshire long-arm statute permits the exercise of jurisdiction to constitutional limits. *See Campbell v. CGM, LLC*, No. 15-cv-88-JD, 2015 U.S. Dist. LEXIS 94020, at *9 (D.N.H. July 20, 2015) ("[T]he court need only determine whether the application of personal jurisdiction comports with Fourteenth Amendment due process requirements.")

process when two criteria are met.  First, there must be continuous and systematic general business contacts between the foreign defendant and the forum.  Second, the plaintiff must show that the exercise of jurisdiction would be reasonable."  *Id.* at 619 (internal quotations and citations).  "The requirements for the establishment of general jurisdiction are 'considerably more stringent' than those for the establishment of specific jurisdiction."  *Campbell*, 2015 U.S. Dist. LEXIS 94020, at *9 (citing *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984)).

Here, the plaintiff falls well short of establishing the "stringent" requirements of general jurisdiction.  *See id.*  JBL does not engage in "continuous and systematic activities, unrelated to the suit" in New Hampshire.  *See Swiss Am. Bank, Ltd.*, 274 F.3d at 618.  In fact, JBL conducts no business in New Hampshire.  *See* Khotoveli Dec. ¶ 9.  Nothing in the complaint, nor any facts the plaintiff could possibly muster in an affidavit, establishes otherwise.

**B. Specific jurisdiction.**

"[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).  "[T]he constitutional test for determining specific jurisdiction has three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness."  *Adelson v. Hananel*, 652 F.3d 75, 80-81 (1st Cir. 2011) (citations and internal quotations omitted).  "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction."  *Scottsdale Capital Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018).  The plaintiff cannot establish any of these prongs.

### i.     Relatedness

"The evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." *Harlow*, 432 F.3d at 60-61 (affirming dismissal of complaint on personal jurisdiction grounds because tort claim did not sufficiently relate to defendant's forum contacts).  "Questions of specific jurisdiction are always tied to the particular claims asserted." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999) (affirming dismissal of complaint on personal jurisdiction grounds because breach of contract claim did not sufficiently relate to defendant's forum contacts). "In contract cases, a court charged with determining the existence *vel non* of personal jurisdiction must look to the elements of the cause of action and ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach." *Id.*

The plaintiff's request for a declaratory judgment has no relation to any contacts between JBL and New Hampshire.  The plaintiff alleges that it tried, but failed, to secure local approvals in Florida necessary to operate its business, and, therefore, the lease is null and void.  *See* Compl. ¶¶ 40-47.  This claim arises from the plaintiff's purported efforts to secure permits in Florida.  It has nothing to do with email and phone communications that occurred during lease negotiations.  *See* Khotovelli Dec. ¶ 13.   Those communications are the only contacts between JBL and New Hampshire, and they are irrelevant, not "instrumental," to this case.  *See Phillips Exeter Acad.*, 196 F.3d at 289 (contacts must be instrumental to cause of action).  Further, while the plaintiff is a New Hampshire company, this, alone, does not satisfy the relatedness requirement.  *Id.* at 290 ("[I]t is not the relationship itself but the content of the parties' interactions that creates constitutionally significant contacts . . . 'the relatedness requirement is not met merely because the plaintiff's cause of action arose out of the general relationship between the parties; rather, the

action must directly arise out of the specific contacts between the defendant and the forum state.'"").  For these reasons, the plaintiff cannot satisfy the relatedness prong.

ii.     **Purposeful availment (i.e., minimum contacts).**

"The focus of the purposeful availment inquiry is the defendant's intentionality." *Adams v. Adams*, 601 F.3d 1, 6 (1st Cir. 2010) (reversing denial of motion to dismiss on personal jurisdiction grounds).   "This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *Swiss Am. Bank, Ltd.*, 274 F.3d at 624 (citing *Phillips Exeter*, 196 F.3d at 292; *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207-08 (1st Cir. 1994) (affirming dismissal on personal jurisdiction grounds)).

Entering into a contract with a forum resident does not, itself, establish minimum contacts with the forum.  *See id.* at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *Adams*, 601 F.3d at 6-8 ("[A] defendant's entering into a contract with a resident of the forum state cannot automatically establish minimum contacts."); *Swiss Am. Bank, Ltd.*, 274 F.3d at 621 ("A contract, by itself, cannot automatically establish minimum contacts."); *Phillips Exeter*, 196 F.3d at 289 ("[T]he mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself.").

Rather, due process requires that a defendant "deliberately" engage in "significant activities" or "avail[] himself of the privilege of conducting business" in the forum to be subject to personal jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 476 (1985).  This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of

random, fortuitous, or attenuated contacts, or of the unilateral activity of another party." *Id.* at 475 (internal quotations and citations omitted).

JBL has only "random, fortuitous, or attenuated contacts" with New Hampshire, resulting solely from the unilateral activity of the plaintiff.  It is true that the plaintiff is headquartered in New Hampshire, however, JBL did not benefit from this in any way.  *See* Khotoveli Dec. ¶ 20. Nor did JBL seek the protections of New Hampshire law.  *See id.*  Rather, JBL sought the protections of Florida law when it rented Florida property under a lease agreement with a Florida choice-of-law provision.  *See* Exhibit A to Compl., Lease § 31.9.  Federal courts have dismissed similar claims against nonresident landlords like JBL.

In *CVS Corp. v. Taubman Ctrs., Inc.*, for example, the U.S. District Court for the District of Rhode Island declined to exercise personal jurisdiction over a Michigan defendant who leased property to the plaintiff in four states, but not Rhode Island.  225 F. Supp. 2d 120 (D.R.I. 2002) (granting motion to dismiss under Fed. R. Civ. P. 12(b)(2)).  There, the defendant sent invoices and communications into Rhode Island, where the plaintiff administered its leasing operations.  *Id.* at 122.  But the defendant owned no property, had no employees, and maintained no designated agent for service of process in Rhode Island.  *Id.* at 122, 126.  Further, Rhode Island law governed none of the leases.  *Id.* at 126.  In these circumstances, the plaintiff's decision to administer its leasing operation and send payments from Rhode Island was "unilateral." *Id.* at 125.  Absent evidence that the defendant dictated or directed the plaintiff to administer the lease from Rhode Island, mere knowledge that the plaintiff was headquartered in Rhode Island did not "transform the decision [to operate in Rhode Island] into a cooperative one" sufficient to establish purposeful availment.  *Id.*

Another lease case, *My Favorite Year, Inc. v. Kiosk Building Associates, L.P.* is instructive. No. 90-2155, 1991 U.S. Dist. LEXIS 2730, at *10 (E.D. La. Mar. 4, 1991) (granting motion to dismiss under Fed. R. Civ. P. 12(b)(2)).  There, the Louisiana plaintiff rented Virginia and Maryland properties from a Virginia landlord who had no connections with Louisiana aside from those related to administration of the leases.  *Id.* at *1-4.  The plaintiff sued for breach of contract, but the U.S. District Court for the Eastern District of Louisiana dismissed the lawsuit on personal jurisdiction grounds.  *Id.* at *10.  The court found that sending invoices into Louisiana was insufficient to establish purposeful availment:

> [I]t is impossible for this Court to fathom how, by virtue of sending invoices or allowing a lessee's books to be kept in Louisiana, it could be said that [defendant] has "purposefully availed" itself of conducting activities within Louisiana or that [defendant] has therefore "invoked the benefits and protections of the laws of Louisiana."

*Id.* at *8 (quotations and alterations in original) (quoting *Burger King Corp.*, 471 U. S. at 474-75). The court further noted, "the contract which provides the basis of this suit looks to Virginia law for interpretation."  *Id.*

The U.S. District Court for the District of Kansas likewise dismissed a lawsuit against a nonresident landlord who leased to the plaintiff real property located outside the forum state.  *See Payless Shoesource, Inc. v. Joye* , Case No. 11-CV-4145-CM, 2012 U.S. Dist. LEXIS 24817 at *11-12 (D. Kan. Feb. 27, 2012) (granting motion to dismiss under Fed. R. Civ. P. 12(b)(2)).  There, the California defendant sent communications and invoices into Kansas, but "the lease concern[ed] property in California, . . . the billing statements concern[ed] expenses incurred in California in conjunction with [the plaintiff]'s store in California, and . . . the communications concern lease administration for the California property."  *Id.* at *7.  Further, the lease had a California choice-

of-law provision.  *Id.* at *8.  Accordingly, the defendant did not purposefully avail itself of the privilege of conducting business in Kansas.  *Id.*

This case is similar to *CVS Corp.*, *My Favorite Year, Inc.*, and *Payless Shoesource, Inc.*. In each of those cases, the plaintiffs sued nonresident landlords who rented property outside the forum states under lease agreements governed by the laws of foreign states.  JBL is likewise a nonresident landlord who rented property to the plaintiff in a foreign state pursuant to a lease agreement governed by the law of that state.  In no way did JBL invoke the privilege of doing business in New Hampshire or the protections of New Hampshire law.  Accordingly, JBL lacks minimum contacts with New Hampshire.

### iii.    Reasonableness.

The U.S. Court of Appeals for the First Circuit evaluates the "gestalt factors" to determine whether the assertion of personal jurisdiction is reasonable:

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995) (citing *Burger King*, 471 U.S. at 477).  "The weaker the plaintiff's showings on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  *Ticketmaster*, 26 F.3d at 210.  "[A] failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness."  *See Sawtelle*, 70 F.3d at 1394.

Even assuming the plaintiff could establish relatedness and minimum contacts, on balance, the "gestalt factors" do not weigh in favor of exercising personal jurisdiction over JBL.  JBL is burdened by the cost of litigating in a forum far from where it chose to conduct business.  While

New Hampshire has an interest in securing effective relief for its citizens, that interest is comparatively small in a case governed by Florida law and concerning real property in Florida. The plaintiff's interest in obtaining effective relief is greater served by resolving this dispute in the forum where it chose to conduct business and where Florida witnesses can be compelled to appear for depositions and trial. *See* Fed. R. Civ. P. 45(c)(1)(A)). For similar reasons, the judicial system's interest in obtaining effective resolution of this dispute is served by adjudicating it where the real property is located and where important witnesses, such as those with personal knowledge of local permitting rules and procedures, can be compelled to testify. Finally, any substantive social policies pertinent to this lease dispute are served by adjudicating it where the leased property is located. It is not reasonable to decide a dispute over leasehold interests in real property in any forum aside from where the property is located.

## II.    Venue is not proper in this Court.

This case should also be dismissed under Fed. R. Civ. P. 12(b)(3) because venue is not proper in this Court. "Although it is the defendant's motion, the plaintiff has the burden of proving that its chosen venue is proper as to each claim." *Johnson v. General Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 239 (D.N.H. 2009). Venue is proper where any defendant resides, where a substantial part of the events or property at issue is located, or where the defendant is subject to the court's personal jurisdiction. *See* 28 U.S.C. § 1391(b). For reasons discussed above, the plaintiff cannot show that JBL resides in New Hampshire, that a substantial part of the events or property at issue is located in New Hampshire, or that JBL is subject to this Court's personal jurisdiction. The Court should accordingly dismiss the case for improper venue. Alternatively, the Court should transfer the case to the U.S. District Court for the Southern District of Florida, where JBL is subject to personal jurisdiction. *See* 28 U.S.C. § 1406(a) (where venue is improper,

the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## Conclusion

This lease dispute has no cognizable connection to New Hampshire.  JBL is not subject to personal jurisdiction in this state, and this Court is an improper venue for this case.  The case should accordingly be dismissed or transferred to the U.S. District Court for the Southern District of Florida.

WHEREFORE, JBL Village Shoppes LLC respectfully asks this Court to:

A. Dismiss the case on personal jurisdiction or improper venue grounds; or, in the alternative;

B. Transfer the case to the U.S. District Court for the Southern District of Florida; and

C. Grant any other relief the Court deems just and equitable.

Respectfully submitted,

**JBL Village Shoppes LLC**

By its Attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated:  October 14, 2022          By:_____/s/ Devin K. Bolger_____
                                  Matthew R. Johnson, Esq. (Bar #13076)
                                  Devin K. Bolger, Esq. (Bar #270150)
                                  111 Amherst Street
                                  Manchester, NH 03101
                                  Telephone: 603-669-1000
                                  mjohnson@devinemillimet.com
                                  dbolger@devinemillimet.com


I, Devin K. Bolger, hereby certify that a copy of the foregoing was served on all counsel of record via this Court's electronic filing system.

Dated:  October14, 2022               _____/s/ Devin K. Bolger_____
                                      Devin K. Bolger